UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEON C. ALLEYNE,

     Petitioner,

v.                                 Case No. 8:26-cv-1609-JLB-NHA

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.
_____/

## **ORDER**

Mr. Alleyne, a Florida prisoner, filed a Motion for Extension of Time to File Writ of Habeas Corpus (Doc. 1) in which he appears to state that he intends to petition for a writ of habeas corpus under 28 U.S.C. § 2254 and requests the Court to extend the one-year statute of limitations for filing a federal habeas petition by ninety days.[1] Mr. Alleyne failed, however, to file a habeas petition alleging the grounds under which he claims entitlement to relief.[2]

Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." Because Mr. Alleyne failed to file a complaint or petition to initiate an action, this case is **DISMISSED** without prejudice to Mr. Alleyne filing a petition for the writ of habeas corpus in a new case with a new case

---

[1] *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[2] Because the Motion asserts no grounds for relief, the Court cannot liberally construe it as a habeas petition.

number. The **Clerk of Court** is directed to enclose a copy of the court-approved form used to initiate a section 2254 action and a copy of an application to proceed *in forma pauperis* with Mr. Alleyne's copy of this Order and close this case.

**DONE and ORDERED** in Tampa, Florida, on June 12, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

2